IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CARLOS WATERS, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:23-cv-01117 |
| ANTHONY Q. THOMPSON, et al., | ) JUDGE RICHARDSON |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is a pro se civil rights Complaint (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), filed by Plaintiff Carlos Waters, an inmate of the Davidson County Sheriff's Office (DCSO).

The case is before the Court for ruling on Plaintiff's IFP application and initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee, that application (Doc. No. 2) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust

---

[1] While prisoners who are not granted pauper status must pay a total fee of $405—a civil filing fee of $350 plus a civil administrative fee of $55—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule, provision 14 (eff. Dec. 1, 2023).

account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## INITIAL REVIEW

**I. Legal Standard**

The Court must conduct an initial review and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; *see also id.* § 1915(e)(2) (requiring dismissal "at any time" such determination is made in a case filed IFP). Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

**II. Allegations and Claims**

Plaintiff sues two Defendants: his criminal defense attorney, Anthony Q. Thompson, and a fellow DCSO inmate, Carlos Taylor. (Doc. No. 1 at 2.) Plaintiff alleges in his Complaint and a supplement thereto (Doc. No. 4) that, on July 17, 2023, he was homeless and sleeping on the side of the road when Mr. Taylor picked him up in a stolen vehicle. (Doc. No. 1 at 5.) Mr. Taylor stated that he would help Plaintiff get food to eat and honest work, but failed to disclose that the vehicle Plaintiff was entering was stolen. (*Id.*) The police later "took [them] in concerning the matter," and despite assurances from Mr. Taylor, he failed to tell the police that Plaintiff was just an innocent passenger. (*Id.*) When Plaintiff told his appointed lawyer, Mr. Thompson, of his innocence and the circumstances leading to his presence in Mr. Taylor's vehicle, Mr. Thompson ignored Plaintiff, waived his preliminary hearing without his consent, and began avoiding him. (*Id.*) Mr. Thompson's only responses to Plaintiff's subsequent attempts to reach him and to question him have consisted of "rude aggressive talk that [has] nothing to do with resolving [Plaintiff's] case." (*Id.*) Claiming wrongful confinement and ineffective assistance of counsel, Plaintiff seeks to be immediately released, to have criminal charges pressed against Mr. Thompson, and to be awarded damages for his pain and suffering. (*Id.* at 6.)

3

**III. Analysis**

Section 1983 is a vehicle for establishing the liability of "[e]very person who, under color of [state law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Thus, § 1983 complaints must plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

These requirements are unmet here. Mr. Taylor is Plaintiff's fellow prisoner, not a state actor, and is not alleged to have been involved in any violation of Plaintiff's constitutional rights. And Attorney Thompson—though allegedly failing to provide Plaintiff the effective representation demanded by the Sixth Amendment—is not a state actor either. Despite being employed or appointed by the State, public defense attorneys such as Thompson "do[] not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981), because in that role they are obliged "to act in a role independent of and in opposition to the State." *West v. Atkins*, 487 U.S. 42, 50 (1988). Although there is an exception to this rule when a public defender or other defense attorney conspires with state actors to violate his client's rights, *Tower v. Glover*, 467 U.S. 914, 920 (1984), Plaintiff does not allege any such conspiracy. By failing to sue a state actor, Plaintiff has failed to state a cognizable § 1983 claim.

Moreover, even if the Complaint had named a defendant who deprived Plaintiff of federal rights while acting under color of state law, the requests for "immediate release" and for criminal charges to be filed against Thompson are not proper under § 1983. Release from unlawful

4

confinement is a remedy solely within the province of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 750–51 (2004). And the decision on whether to pursue criminal charges against an individual is solely within the discretion of the appropriate prosecuting authority; "[a] private individual cannot prosecute a criminal action in federal court, and he cannot sue to compel the state or federal government to investigate or prosecute an alleged crime." *Cureton v. Port Huron Police Dep't*, No. 16-10834, 2017 WL 2904565, at *4 (E.D. Mich. July 7, 2017); *see also Alvey v. Kentucky Comm'n on Hum. Rts.*, No. 1:20-CV-142-GNS, 2021 WL 1031000, at *3 (W.D. Ky. Mar. 17, 2021) (dismissing "request to press criminal charges" by § 1983 plaintiff).

In sum, the Complaint fails to state a claim upon which relief can be granted and must therefore be dismissed.[2]

## **CONCLUSION**

In light of the foregoing, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] The Court expresses no opinion as to the viability of any habeas claim that Mr. Thompson has rendered ineffective assistance of counsel.